This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38781**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellant,

v.

**SCOTT WADE BACHICHA,**

      Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Brett Loveless, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Mark A. Peralta-Silva, Assistant Appellate Defender
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** The State appeals the dismissal of a firearm enhancement, pursuant to NMSA 1978, Section 31-18-16(A) (1993, amended 2020), charged in connection with a count of involuntary manslaughter. [MIO 4] Both the underlying homicide charge and the enhancement are premised upon the same firing of a shotgun. [MIO 1] This Court proposed to reverse the district court's dismissal of the firearm enhancement, and Defendant has filed a memorandum in opposition to that proposed disposition. Having duly considered that memorandum, we are unpersuaded and reverse.

**{2}** In dismissing the enhancement, the district court relied upon this Court's opinion in *State v. Franklin*, 1993-NMCA-135, ¶ 2, 116 N.M. 565, 865 P.2d 1209. In *Franklin*, as in this case, the defendant was charged with the negligent use of a firearm to commit a noncapital felony resulting in death. *Id.* ¶ 13. Because the use of the firearm was the same conduct necessary to enhance the sentence, we determined that the firearm enhancement was subsumed within the involuntary manslaughter charge. *Id.*

**{3}** Since our opinion in *Franklin*, our Supreme Court has addressed the question of whether a firearm enhancement violates double jeopardy in the context of a noncapital felony in *State v. Baroz*, 2017-NMSC-030, 404 P.3d 769. In that case, the defendant's sentences for two counts of aggravated assault with a deadly weapon were enhanced, pursuant to Section 31-18-16. On appeal, the Court rejected the defendant's argument that the enhancements violated double jeopardy because use of the firearm was an element of his underlying convictions. *Baroz*, 2017-NMSC-030, ¶ 20.

**{4}** In this appeal, Defendant asserts that *Baroz* is distinguishable because the underlying offenses in that case were aggravated assault and not involuntary manslaughter, as here. [MIO 14] It is true that this case, like *Franklin*, differs factually to the extent that no charge of aggravated assault is present. The core holding of *Baroz*, however, did not rely upon an assessment of the legislative intent underlying the aggravated assault statute; instead, that opinion involved an analysis of the firearm enhancement statute:

> Section 31-18-16(A) provides that a sentence shall be increased by one year when a court or jury makes a separate finding of fact that a firearm was used in the commission of a noncapital felony. Section 31-18-16(A) thereby authorizes multiple punishments for the commission of a noncapital felony with a firearm.

*Baroz*, 2017-NMSC-030, ¶ 25.

**{5}** We therefore conclude that our Supreme Court, in *Baroz*, was rejecting an argument that imposition of the firearm enhancement violates double jeopardy where the use of a firearm is an element of the underlying conviction. *Id.* ¶¶ 20-27. As that rationale does not depend in any way on any distinction between the Legislature's intent in enacting statutes proscribing aggravated assault or involuntary manslaughter, we must conclude that the reasoning of *Baroz* applies to Defendant's sentence for involuntary manslaughter. Accordingly, we reject Defendant's contrary assertion and reverse the district court order on appeal.

**{6}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**JANE B. YOHALEM, Judge**